```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF INDIANA
                       SOUTH BEND DIVISION
```

SHANE INGHELS,                  )
                                )
Petitioner,                     )
                                )
vs.                             )      NO. 3:13-CV-1226
                                )
SUPERINTENDENT,                 )
                                )
Respondent.                     )

## OPINION AND ORDER

This matter is before the Court on the Petition under 28 U.S.C. Paragraph 2254 for Writ of Habeas Corpus filed by Shane Inghels on November 25, 2013. For the reasons set forth below, the petition (DE# 1) is **DENIED**.

DISCUSSION

Shane Inghels, a *pro se* prisoner, is challenging the prison disciplinary proceeding (WCC 12-08-494) held by the Westville Correctional Facility Disciplinary Hearing Body ("DHB") on August 24, 2012, where he was found guilty of possessing Security Threat Group ("STG") materials in violation of B-208. He was sanctioned with the loss of 40 days earned credit time. The Report of Conduct states:

> On the above date and approx. time I Sgt. Stoll performed a shake down / inventory of offender Inghels, Shane # 988545 property when I came across STG related material. Names and numbers of offenders with SK's at the bottom of it. This was confirmed by IA STG investigator

> V. Stinson to be STG related information. Other material was found and sent to IA.

(DE# 1-1 at 1). Inghels list four grounds in his petition.

First, Inghels says that he was not provided with the evidence against him by the screening officer. There is no obligation that he be provided with the evidence against him at the screening hearing – only that he be notified of the factual basis of the charges against him. *See Northern v. Hanks*, 326 F.3d 909, 911 (7th Cir. 2003). Inghels states that the conduct report was read to him during the screening hearing. The conduct report clearly informed him that he was charged with possessing the "names and numbers of offenders with SK's at the bottom of it." (DE# 1-1 at 1). SK is an abbreviation for a prison gang that Inghels admitted to being a member of. (DE# 1-1 at 4).

Moreover, even if this had been a due process violation it would have been harmless because the outcome of the hearing would have been the same. *See Piggie v. Cotton*, 342 F.3d 660 (7th Cir. 2003) (Harmless error analysis applies to prison disciplinary proceedings.) At the DHB hearing, Inghels immediately recognized the evidence against him as a list of his volleyball teammates and requested a statement from Mr. Hood confirming this. The DHB adjourned to investigate and determined that it was unnecessary to obtain a list of volleyball members because the names on the list were confirmed to be members of the SK gang. That is to say, being on a volleyball team with other members of his gang did excuse him

2

from punishment for possessing a list of gang members. So the outcome would have been the same even if he had seen the list during his screening hearing and therefore this is not a basis for habeas corpus relief.

Second, Inghels argues that there was insufficient evidence to have find him guilty of possessing STG material. He argues that the list of inmate names and numbers was also his volleyball team and that none of the photographs of his teammates are of them doing anything gang related. This misses the point. As previously explained, it is irrelevant that Inghels was on a volleyball team with other members of his gang. So too, it is irrelevant that the photos do not depict gang activity. The amount of evidence needed to support a finding of guilt in prison disciplinary hearings is very modest; there need only be "some evidence" to support the decision of the prison disciplinary board. *Superintendent, Mass. Correctional Institution v. Hill*, 472 U.S. 445, 455 (1985). A reviewing court must uphold a finding of guilt if "there is any evidence in the record that could support the conclusion reached" by the board. *Id*. at 455-56. What is relevant here is that the list and the photos at issue are of gang members. Because they were, there is sufficient evidence to have found Inghels guilty of possession STG materials.

Third, Inghels argues that the screening report inaccurately indicates that he waived his 24 hour notice before the DHB hearing

was conducted. He argues that he did not waive his right to 24 hour notice and that by mistakenly writing this on the screening form, it violated prison policy. However, "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Therefore it is irrelevant in this proceeding whether a prison policy was violated. Moreover, Inghels was screened on August 20, 2012, and his hearing was not conducted until four days later on August 24, 2012.

Fourth, Inghels argues that after he was found guilty, he filed a grievance complaining that his hearing was unfair. He alleges that his grievance was denied. This argument has nothing to do with the disciplinary charge that Inghels is challenging in this habeas corpus petition. The issue here has to do with his possession of STG materials, not his grievance. Nothing about the grievance process has any bearing on whether he is entitled to habeas corpus in this case. Therefore this ground presents no basis for habeas corpus relief.

CONCLUSION

For the reasons set forth above, the petition (DE# 1) is **DENIED.**

**DATED: December 2, 2013**           /s/RUDY LOZANO, Judge
                                      **United States District Court**